IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELISSA L. MORELAND,

        Plaintiff,

v.                             CIVIL ACTION NO.   2:16-cv-03666

BALI SURGICAL PRACTICE, PLLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Remand [ECF No. 7]. For the reasons explained below, the Motion is **GRANTED in part** and **DENIED in part**.

## I.

The plaintiff filed her action in the Circuit Court of Kanawha County, West Virginia, alleging disability discrimination and wrongful discharge in violation of the West Virginia Human Rights Act and public policy. Compl. ¶¶ 21, 30 [ECF No. 1-1]. Among other relief, the plaintiff seeks "compensatory damages, including lost wages and benefits." *Id.* at 6.

The defendants, Bali Surgical Practice and Dr. Ahmad Bali, removed this action to federal court, providing the following basis for removal:

This civil action is one over which this Court has jurisdiction pursuant to 29 U.S.C. § 1144(a), and which may be removed . . . pursuant to the provisions of U.S.C. § 502(a)(1)(B), 29 U.S.C.A § 1132(a)(1)(B), since it appears, on its face, to be related to an Employee Retirement Income

Security Act of 1974, § 502, 29 U.S.C.A., Plaintiff having alleged she
"has lost and will continue to lose income and benefits. . . ."

Notice of Removal ¶ 10 [ECF No. 1] (citing Compl. ¶¶ 22, 30). Though not expressly

stated, the court interprets the above statement as the defendant removing on the

basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] The court

generously interprets the defendants' statement to allege the court would have

original jurisdiction over this matter via Employee Retirement Income Security Act

("ERISA") preemption.

The plaintiff timely filed her Motion to Remand pursuant to 28 U.S.C. § 1447

on the grounds that the plaintiff's action is not preempted under ERISA and the court

consequently lacks subject matter jurisdiction. Mot. Remand 1. She also requests an

order granting the plaintiff's costs and attorney's fees associated with the Motion.

## II.

A defendant may remove any case filed in state court over which the federal

courts have original jurisdiction to the district court of the United States for the

district and division within which the action is pending. 28 U.S.C. § 1441. The

defendant bears the burden of establishing federal jurisdiction. *Mulcahey v.

Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Generally, for the purposes of § 1331, a federal claim must appear on the face

of a well-pleaded complaint. There is an exception, however, when a federal statute

---

[1] The parties are not alleged to be diverse.

"wholly displaces the state-law cause of action through complete preemption." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). In such cases, the state claim can be removed. *Id.* Complete preemption via the civil enforcement provision of ERISA, § 502(a), is such a circumstance. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (2002).

Notably, not all preemption under ERISA is *complete* preemption that may provide a basis for removing a state law claim to federal court. *See Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) ("The fact that a state law claim is 'preempted' by ERISA—i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefits plans—does not, however, provide a basis for removing the claim to federal court. The only state law claims properly removable to federal court are those that are 'completely preempted' by ERISA's civil enforcement provision, § 502(a)." (citing *Darcangelo*, 292 F.3d at 187)).

Federalism concerns oblige the court to construe removal jurisdiction strictly, and there is a presumption against finding complete preemption. *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). Thus defendants bear the "significant burden" of demonstrating that a federal statute "indisputably displaces any state cause of action over a given subject matter," and reasonable doubts must be resolved against finding complete preemption. *Id.*

Here, this means demonstrating that the plaintiff's claims are completely preempted by ERISA's civil enforcement provision §502(a); mere ordinary conflict

3

preemption pursuant to § 514 is insufficient. The defendants have not met their burden. They have merely cited to § 502 and stated that the plaintiff's action appears to relate to ERISA because it alleges a loss of income and benefits. Such observations are wholly insufficient, particularly given the lack of factual matter in either the Complaint or Notice of Removal that would even suggest the existence of an ERISA plan at issue in this matter. Moreover, "relating to" an ERISA plan is the standard associated with ordinary conflict preemption pursuant to § 514. *See Darcangelo*, 292 F.3d at 187 ("ERISA § 514 expressly states the scope of ordinary conflict preemption under ERISA: state laws are superseded insofar as they 'relate to' an ERISA plan."). Even if the defendants had alleged facts showing such preemption, the defendants would not have demonstrated proper grounds for removal. Accordingly, to the extent the plaintiff seeks remand, her Motion is **GRANTED**.

### III.

The plaintiff has not provided any argument or legal basis in support of her request for the award of attorney's fees. The court will not make such arguments for the plaintiff and **DENIES** the Motion to the extent it seeks attorney's fees.

### IV.

The plaintiff's Motion to Remand [ECF No. 7] is **GRANTED in part** and **DENIED in part** and this case is hereby **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

4

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 25, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE